UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN A. LITTLE and
KAREN B. LITTLE,

       Plaintiffs,                                  Case No. 1:10-CV-84

v.                                                      Hon. Ellen S. Carmody

AFS FINANCIAL SERVICES INC. and
FEDERAL HOME LOAN MORTGAGE
CORPORATION,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

On May 5, 2010, the court entered a Case Management Order scheduling this matter for a settlement conference before the undersigned on June 22, 2010. Neither plaintiff appeared nor did they provide any explanation to the court for their absence. The defense counsel, from Farmington Hills, Michigan, did appear, as did a representative of her client who came from New Jersey. Plaintiffs live in Kalamazoo.

As a result of the plaintiffs' failure to appear, I entered an order directing them to appear in person and show cause for their failure to appear, and to address the issue of costs incurred by the defendants in coming to the settlement conference (docket no. 20). The plaintiffs were specifically notified that failure to appear in response to the Order to Show Cause could result in dismissal of the action for failure to prosecute and/or follow the orders of the court. See W.D. Mich. LCivR 41.1.

Plaintiffs again failed to appear on July 8, 2010, the date scheduled in the Order to Show Cause, and neither made any attempt to contact the court in regard to either the Order to Show Cause or the issue of costs mentioned above,[1] despite the fact they live no further away than Kalamazoo.

Based upon the failure of plaintiffs to appear for the settlement conference without explanation, and their subsequent failure to appear in response to an Order to Show Cause, again without explanation, I respectfully recommend the case be dismissed with prejudice, and with costs awarded to the defendants, due to plaintiffs' lack of prosecution, including their failure to obey the court's order to attend a settlement conference, as well as their failure to respond to an Order to Show Cause. *Id.* I believe the dismissal should be with prejudice and with costs, since plaintiffs freely chose to file this lawsuit and bring defendants into court, thus causing defendants to lose time and money in defending themselves. The court has also invested time in this case. Plaintiffs then failed without adequate reason to follow the procedures the court made available to them to obtain a resolution in this matter. Instituting litigation and then simply walking away from it is an abuse of the court system.

Dated:  July 9, 2010 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[1] The court notes that on July 2, 2010, one of the plaintiffs, Jonathan A. Little, did file a motion to dismiss without prejudice based upon his financial circumstances and the stress of being a litigant. This motion is brought only on behalf of Jonathan Little and makes no reference to the position of Karen Little. Although this motion is not before me, it does appear to confirm what is apparent from the plaintiffs' failure to appear on two occasions, and that is that at least Jonathan Little no longer wishes to pursue this matter.